FILED '08 SEP 15 10:41 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARY BARRETT,

    Plaintiff,

vs.

MARION COUNTY, PAT DONENFELD, and RICK SHERMAN,

    Defendants.

Civ. No. 07-6337-TC

OPINION AND ORDER

Coffin, Magistrate Judge:

Defendants move to dismiss and strike portions of plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f) (#12), and to strike plaintiff's declaration (#30). For the reasons that follow, defendants' motion to dismiss is granted in part and denied in part, and the motion to strike is denied.

### Background

Plaintiff, a former employee of defendant Marion County,

1 Opinion and Order

filed a complaint alleging violations of state and federal law, including Title VII, the Age Discrimination in Employment Act, the Americans with Disabilities Act, intentional infliction of emotional distress, and due process. Defendants seek to dismiss untimely and unsupported claims or, in the alternative, to strike those claims from the complaint.

## Standard

Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate where it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle her to relief. Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Moreover, "[m]aterial allegations in a complaint must be taken as true and viewed in the light most favorable to the plaintiff." Geraci v. Homestreet Bank, 347 F.3d 749, 751 (9th Cir. 2003) (citing Daviton v. Columbia/HCA Healthcare Org., 241 F.3d 1131, 1133 n. 1 (9th Cir. 2001).

Fed. R. Civ. P. 12(f) allows a court to order stricken from any pleading "any redundant, immaterial, impertinent, or scandalous matter." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" Id. at 885.

///

///

///

2 Opinion and Order

## Discussion

### I. ADA, ADEA, and Title VII Claims

Plaintiff makes federal claims for disability discrimination under the American with Disabilities Act, 42 U.S.C. §§ 12101-12213 ("ADA"), and hostile work environment and retaliation due to age and sex under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 ("ADEA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) ("Title VII"). Defendants contend that plaintiff failed to exhaust her administrative remedies and that those claims must therefore be dismissed.

To bring a claim in federal court under Title VII, the ADA, or the ADEA, a plaintiff must first exhaust administrative remedies by filing a timely charge with the Equal Employment Opportunity Commission ("EEOC") or the state agency to whom investigative authority has been delegated. 42 U.S.C. § 2000-e-5(e)-(f) (Title VII); 42 U.S.C. § 12117(a) (ADA); 29 U.S.C. § 626(d) (ADEA). "[T]he administrative charge requirement serves the important purposes of giving the charged party notice of the claim and narrowing the issues for prompt adjudication and decision." B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1099 (9th Cir. 2002).

When a plaintiff seeks judicial relief for claims not listed in the original charge, the complaint "nevertheless may encompass any discrimination like or reasonably related to the allegations of the . . . charge." Oubichon v. North Am. Rockwell Corp., 482 F.2d 569, 571 (9th Cir. 1973). Subject matter extends over allegations that fell within the scope of the agency's actual investigation or an investigation which can reasonably be

3 Opinion and Order

expected to grow out of the allegation of discrimination. B.K.B., 276 F.3d at 1100; see also Sosa v. Hiraoka, 920 F.2d 1451, 1456 (9th Cir. 1990) (the court "must inquire whether the original EEOC investigation would have encompassed the additional charges made in the court complaint but not included in the EEOC charge itself").

A plaintiff's claims are reasonably related to allegations in the charge "to the extent that those claims are consistent with the plaintiff's original theory of the case." B.K.B., 276 F.3d at 1100. While also considering the principles of notice and fair play, the court construes the language of the charges "with utmost liberality since they are made by those unschooled in the technicalities of formal pleading." Id. (internal quotations omitted). "It is appropriate to consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." Id.

The "crucial element of a charge of discrimination is the factual statement contained therein." Id. The question of whether a claim has been sufficiently exhausted "must focus on the factual allegations made in the charge itself, describing the discriminatory conduct about which a plaintiff is grieving." Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 637 (9th Cir. 2002). That inquiry will reveal the actual focus of the administrative charge and the scope of the claims exhausted. Id.

### A. ADA

On her March 2007 BOLI Employment Discrimination

4 Opinion and Order

Questionnaire, plaintiff checked both the "sex" and "age" boxes, but not disability. She also left the disability complaints page blank. However, she mentioned a "back injury" on the injured worker complaint page. In addition, she had submitted a letter shortly before the charge was drafted detailing not only instances of perceived sex discrimination, but also a paragraph indicating that plaintiff asked her supervisor if she could carry less weight for over one year "as my back was hurting more." She stated that a male colleague was allowed to carry less weight and to write reports by hand. She detailed her workers' compensation claim and eventual accommodation. She also stated that she "filed with the ADA committee for the county and am unable to meet the requirements. I have responded to the ADA committee and declined the option that was given to me."

In response to BOLI's request for more detailed information, plaintiff asserts that she misplaced her response letter and mailed it when she found it, which was more than the required 15 days later. Those responses detail possible age, sex, and disability discrimination. In a section discussing her experience with the ADA Committee, plaintiff said that she was asked to choose between four accommodations; she declined the accommodation that was offered. Plaintiff explained her belief that her supervisor knew of her requested accommodation and was "singling [her] out with a different time than my coworkers." She asserts that she was required to turn in her reports at the end of the day, while coworkers had until the next morning. She noted feeling "a sense of retaliation for filing the workers comp. claim and HR complaints," and stated that it was "because

5 Opinion and Order

of my supervisor not working with me to find an alternative to packing a computer on my back that I filed a workers comp. claim and ADA claim. I do not feel he will be willing to extend my time inputting time."

The official BOLI complaint stated that plaintiff alleged "disparate treatment because of my sex and/or age." The complaint included a brief mention of plaintiff's difficulty carrying weight on her back, stating that the computer "is heavy and it is difficult for me to carry the computer because it makes my back ache. A male coworker had been allowed to write his reports with pen and paper instead of carrying the computer from 2004 through March 2007. I asked that I be allowed to write field reports with pen and paper in lieu of carrying the computer. My request was denied." Defendants contend that the BOLI charge does not contain allegations of disability discrimination or any reference to an alleged physical disability and argue that plaintiff voluntarily limited the scope of the investigation even after being "warned of the consequences."

Plaintiff's disability discrimination claim is reasonably related to her general allegations of discrimination or can reasonably be expected to grow out of those allegations. Even if they are considered "additional" claims, they are consistent with plaintiff's overall theory-that she was discriminated against based upon her sex, age, disability, or some combination thereof. Because we are to construe the charge liberally, we deny defendants' motion to dismiss the disability claim.

B. <u>ADEA and Title VII</u>

The BOLI charge included disparate treatment allegations

6 Opinion and Order

based upon plaintiff's age and gender, but it did not include allegations of hostile work environment or retaliation based upon those characteristics, as plaintiff's complaint now does. Defendants contend that, even if this court considers the untimely additional materials, those materials simply mention one allegation of retaliation based on age or gender. Defendant argues that plaintiff did not provide facts in any of her materials that support a hostile work environment or retaliation theory based upon age or sex.

In order to make a hostile environment sex discrimination claim, plaintiff must show that she was subjected to verbal or physical conduct of a sexual nature, that the conduct was unwelcome, and that the conduct was "sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment." Vasquez v. County of Los Angeles, 349 F.3d 634, 642 (9th Cir. 2003). A hostile environment may result from a single instance of sexual harassment if the harassing conduct is sufficiently severe. Brooks v. City of San Mateo, 229 F.3d 917, 925-27 (9th Cir. 2000).

At the motion to dismiss stage, plaintiff need not support her allegations with evidence, but her complaint must allege sufficient facts to state the elements of a hostile work environment claim. See Williams v. Boeing Co., 517 F.3d 1120, 1130 (9th Cir. 2008) ("Even though heightened pleading is not required in discrimination cases, the complaint must still 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 2002)). The ADEA hostile

7 Opinion and Order

environment standard is identical. Sischo-Nownejad v. Merced Cmty. Coll. Dist., 934 F.2d 1104, 1109 (9th Cir. 1991).

Even when her supplemental materials are considered, plaintiff fails to make a claim as a matter of law for hostile work environment based on age or sex. Plaintiff alleges that her supervisor made three comments ("I send Devon to the CD's nurses on outbreaks because he is 'candy to their eyes,'" "I would never have women second in water," and "I would never let a woman drive my truck") that, even when taken together, do not meet the severe and pervasive standard. Furthermore, although plaintiff's written materials contain her suspicion that she was passed over because of her age, there is no allegation of hostile work environment based upon age. The claims for hostile environment based upon age and sex are dismissed.

In contrast, plaintiff's retaliation claims based upon age and gender survive because the supplemental written materials contain numerous allegations of retaliation. The BOLI claim does not mention retaliation; however, the retaliation allegations are reasonably related to the general allegations of discrimination or can reasonably be expected to grow out of those allegations. Even if they are considered "additional" claims, they are consistent with plaintiff's overall theory-that she was discriminated against based upon her sex, age, disability, or some combination thereof, and that her former employer retaliated against her when she reported it. Because we are to construe the charge liberally, we deny the motion to dismiss those portions of plaintiff's claims based on a retaliation theory.

II. Claims related to plaintiff's subsequent termination

8 Opinion and Order

The parties agree that plaintiff has not filed a BOLI charge relating to her subsequent termination and that those claims should be dismissed. Those claims that relate to retaliation based on termination under Title VII and the ADA are therefore dismissed without prejudice.

### III. Age and gender disparate treatment claims

Defendants argue that plaintiff's disparate treatment claims based on age and gender are barred by the applicable statutes of limitations. Plaintiff's federal disparate treatment claims may not be based on acts predating July 12, 2006, or 300 days prior to filing a charge with the EEOC on May 8, 2007. 42 U.S.C. § 2000e-5(1) (Title VII); 29 U.S.C. § 626(d)(2) (ADEA). Defendants' motion to dismiss claims of disparate treatment that occurred prior to July 12, 2006, is granted.

Plaintiff points out that an employee may use prior acts as background evidence in support of a timely claim. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). However, plaintiff's specific assertion, that the evidence can be used to support her hostile environment and due process claims, is misplaced because those claims are now dismissed.

### IV. State law claims

Plaintiff makes several claims based on state law, including state statutory discrimination, intentional infliction of emotional distress, and whistle blowing. Defendants contend that several of those claims are barred under the Oregon Tort Claims Act ("OTCA"). The OTCA requires that a plaintiff submit notice to a public body of an injury or loss allegedly caused by the public body or its officials, employees, or agents in breach of

9 Opinion and Order

a legal duty within 180 days of the date that the injury or loss occurred. ORS 30.275(2). If timely notice is not provided, no civil tort action may be maintained. ORS 30.295(1).

Plaintiff alleges that she filed a "second" tort claims notice on or about March 29, 2007. The complaint does not reference a "first" or previous notice. Because there is no evidence in the record of an earlier notice, we assume that occurrences of discrete acts of discrimination occurring before September 30, 2006 are not actionable under the OTCA.

Plaintiff makes a "continuing tort" argument, contending that she may seek recovery for the cumulative effect of wrongful behavior, including acts that occurred before that date, citing Griffin v. Tri-County Metro. Transp., 831 P.2d 42 (Or. App. 1992), rev'd in part on other grounds, 870 P.2d 808 (Or. 1994) as support. It is true that "Oregon cases have used a continuing tort analysis to allow claims that would otherwise be time-barred." Id. at 46. "[A]t the heart of the continuing tort idea is the concept that recovery is for the cumulative effect of wrongful behavior, not for discrete elements of that conduct." Davis v. Bostick, 580 P.2d 544, 544 (Or. 1978). In Davis, the defendant's treatment of the plaintiff was continuous, but each act was discrete and thus separately actionable, not merely an element of a single tort. In Griffin, however, the separate incidents were not discrete, but made up a "systematic pattern of conduct, aimed at causing [the] plaintiff's eventual termination." 831 P.2d at 46.

The court in Atwood v. Or. Dep't of Transp., No. CV-06-1726-ST, 2008 WL 803020, at *2 (D. Or. March 20, 2008), clarified that

10 Opinion and Order

the "related acts" method of establishing a continuing violation has been invalidated; instead, discrete discriminatory acts that occurred outside the statute of limitations are separately actionable and time-barred, but can be used as background evidence in support of a timely claim.[1] The court made clear that the same policy rationale applies to state statutory discrimination claims. Id. at *11. Specifically, "a hostile work environment claim seems to be exactly the kind of claim which 'recovery is for the cumulative effect of wrongful behavior'" (citing Bostick, 580 P.2d at 547). However, refusal to grant accommodations and retaliation events are discrete, separately actionable claims and are thus subject to the OTCA. Id.

Therefore, unless a theory of continuing violation applies, plaintiff's claims pertaining to events occurring before September 30, 2006, are time-barred, and defendant's motion to dismiss those claims is granted. To the extent that plaintiff claims that incidents as a whole were a systematic pattern of conduct that led to a specific injury, e.g., IIED or state hostile work environment claims, then incidents occurring outside the 180-day period are not time-barred.[2]

V. FMLA and OFLA claims

The parties agree that the plaintiff failed to allege facts sufficient to support those claims, and they are dismissed for

---

[1] The court was applying the rule to § 1983 and Title VII claims, both of which plaintiff makes here.

[2] Defendants do not challenge plaintiff's state law hostile work environment claims.

11 Opinion and Order

failure to state a claim.

VII. <u>Due process claim</u>

Plaintiff alleges that the individual defendants Donenfeld and Sherman violated her "due process rights protected by the Fourteenth Amendment" and that she was deprived of "property and liberty" as a result. A procedural due process claim requires the plaintiff to possess some liberty or property interest that would trigger federal due process protection. <u>Bd. of Regents v. Roth</u>, 408 U.S. 564, 569 (1972); <u>Stretten v. Wadsworth Veterans Hosp.</u>, 537 F.2d 361, 365 (9th Cir. 1976). It is only when such an interest exists that the court determines what sort of process is constitutionally required. <u>Stretten</u>, 537 F.2d at 365.

Plaintiff does not allege facts sufficient to establish that she possessed a protected liberty interest. The complaint lacks allegations relating to termination, the reasons for termination, or whether those reasons were publicized. <u>Cf.</u> <u>Roth</u>, 408 U.S. at 573 (employee entitled to notice and a hearing when fired for reasons that may seriously damage standing in the community). Reasons for dismissal that implicate a protected liberty interest include accusations of moral turpitude, such as dishonestly or immorality, that are shared with the public. <u>Id.</u>; <u>Campanelli v. Bockrath</u>, 100 F.3d 1476, 1480 (9th Cir. 1996) (stating that liberty interest is implicated when former employer publishes accusations of former coach verbally abusing his players to the point of inflicting physical and mental illness upon them).

Plaintiff does not allege facts sufficient to establish that she possessed a liberty interest for which appropriate process was due. The complaint lacks allegations regarding plaintiff's

12 Opinion and Order

subsequent termination. In fact, plaintiff has admitted that any allegations involving termination are premature.

As for plaintiff's due process claim based upon an alleged property interest, plaintiff has not established an entitlement to a government benefit. Plaintiff does not allege an interest regarding the loss of her job; therefore, continued employment cannot form the basis of any property interest claim. Plaintiff was still employed at the time she filed the complaint.

Plaintiff's complaint fails to allege facts sufficient to amount to a compensable due process claim. Those claims are dismissed.

## Conclusion

For the foregoing reasons, defendants' motion to dismiss and strike portions of plaintiff's complaint (#12) is granted in part and denied in part, and defendants' motion to strike plaintiff's declaration (#30) is denied.

Dated this 15th day of September, 2008.

THOMAS M. COFFIN
United States Magistrate Judge